UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DANIEL COBBLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:22-CV-403-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| JESSICA ROSENWORCEL, | ) | **DENYING MOTION FOR** |
| CHAIRMAN FOR THE FCC, | ) | **RECONSIDERATION** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

*Pro se* Petitioner Daniel Cobble filed a Petition for Emergency Injunction for "Broadcast Order." [R. 1]. Within the Petition, Cobble included a section titled "Motion to Waive Filing Fee," asserting that the filing fee is unconstitutional. *Id.* at 4. By Order entered August 11, 2022, the Court denied the Motion, advising that Congress mandates the collection of a filing fee by any party initiating a civil action in federal court, *see* 28 U.S.C. § 1914; that § 1914 has never been deemed unconstitutional; and that by enacting the federal *in forma pauperis* statute in 28 U.S.C. § 1915, Congress provided a mechanism by which non-prisoners who are indigent may proceed in federal court. [R. 3]. The Court, thus, granted Cobble fourteen days within which to either pay the $402.00 filing fee in full or file a non-prisoner application to proceed *in forma pauperis*. *Id.*

In response, Cobble filed a "Motion for Reconsideration of Order Denying Waiver of the Filing Fee." [R. 4]. In the Motion, he first alleges that the "Court is in error of not considering the merits and thus has not processed the motion," and second, he claims that the Court is in "error in implying that filing fees should not, or cannot, be challenged by the Constitution." *Id.* Third, Cobble contends that the Court ignored that the constitutionality of filings is "already

being tested in the Sixth Circuit Court of Appeals in cases 20-5854 (3:20-cv-298-CHB) and 21-5249 (3:20-cv-579[-CRS]). So the Court cannot presume that filing fees are proper/constitutional[ as t]here **is no** such credible presumption where the subject matter of improper fees is under appeal." *Id.* (emphasis by Cobble). Fourth, Cobble claims that after he paid the filing fee as ordered in 3:20-cv-298-CHB, the Court dismissed that case and denied him access to the courts. *Id.* at 1-2. Fifth, Cobble alleges that his Motion for Waiver provided the Court "with State cases in Kentucky of which the filing fees were waived" but that the Court did not consider that evidence. *Id.* at 2. Lastly, Cobble claims as follows:

> [T]he instant action is a public safety issue of the upcoming November 8, 2022 general elections in jeopardy of being stolen in Jefferson County, Kentucky. . . . Wherefore, the Court cannot dismiss the instant action based on its bias of approving the filing fee. . . . Otherwise, to dismiss the instant action, the Court would be wantonly negligent in allowing irreparable harm to the U.S. electorate.

*Id.* Cobble, thus, asserts that the Court must grant his Motion for Reconsideration and promptly grant his Petition for Emergency Injunction. *Id.*

Upon consideration, the Court will deny Cobble's Motion for Reconsideration. Cobble's first claim of error is simply too vague to warrant relief, and as to his second claim, the Court neither explicitly nor implicitly indicated in its Order that the filing fees should not or could not be challenged by the Constitution.

As to his third argument that "the subject matter of improper fees is under appeal," review of the docket sheets of the cited appeals fails to demonstrate his assertion and fails to show how those appeals otherwise have any bearing on this case. Indeed, Appeal No. 20-5854 was dismissed for want of prosecution on November 23, 2020, due to Cobble's failure to pay the fee or seek to proceed *in forma pauperis* in the Sixth Circuit, and a request for reconsideration was administratively terminated on April 6, 2021. [*See* 3:20-cv-00298-CHB, R. 26; and Docket

Sheet for Appeal No. 20-5854]. As to Appeal No. 21-5249, the Sixth Circuit, on July 13, 2022, directed Cobble either to pay the appellate filing fee to the district court or to file a motion for pauper status in the appellate court by August 12, 2022, which the appellate record reflects Cobble has failed to do. [*See* Docket Sheet for Appeal No. 21-5249].

Further, Cobble fails to explain how his fourth claim—that the Court dismissed his action in 3:20-cv-298-CHB and denied him access to the courts after he paid the filing fee in that case—has any relevance here. That case was dismissed pursuant to Fed. R. Civ. P. 12(h)(3), which mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As to his fifth claim of error, this federal Court is not bound by Kentucky court orders.

Finally, Cobble's last basis for reconsideration, effectively that a public-safety issue regarding the upcoming election trumps the necessity to pay the filing fee, lacks merit. To be sure, as the Court advised Cobble in its Order denying waiver of the filing fee, Congress mandates the collection of a filing fee by any party initiating a civil action in federal court. 28 U.S.C. § 1914 (providing that "[t]he clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350 . . . . [and] additional fees . . . as are prescribed by the Judicial Conference of the United States"); Judicial Conference's District Court Miscellaneous Fee Schedule (setting an administrative fee of $52 for civil actions in accordance with 28 U.S.C. § 1914). The Court further advised him that pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). Thus, Cobble must either pay the filing fee or seek to proceed *in forma pauperis* prior to the Court reviewing his civil action. *See, e.g.*, *Mealancon v. Associated Catholic Charities of New Orleans, Inc.*, No. 96-2084, 1997 WL 194620, at *2 n.9

(E.D. La. Apr. 22, 1997) ("[A] plaintiff cannot withhold a filing fee or, for that matter, delay obtaining pauper status, indefinitely.").

For these reasons, **IT IS ORDERED** as follows:

1. Cobble's Motion for Reconsideration of Order Denying Waiver of the Filing Fee **[R. 4]** is **DENIED**.

2. Within <u>**14 days**</u> from entry of this Order, **Cobble shall either (a) pay the $402.00 filing fee in full to the Clerk of Court; or (b) file a non-prisoner application to proceed *in forma pauperis***.

3. **Cobble is WARNED that failure comply with this Order within the time allowed will result in dismissal of the action for failure to prosecute**.

This the 16th day of September 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Petitioner Cobble, *pro se*
A958.005