UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL COBBLE,                          )
                                        )
    Plaintiff,                          )          Civil Action No. 3:22-CV-403-CHB
                                        )
v.                                      )
                                        )          **MEMORANDUM OPINION**
JESSICA ROSENWORCEL,                    )
                                        )
    Defendant.                          )
                                        )

\*\*\*     \*\*\*     \*\*\*     \*\*\*

By Memorandum and Order entered September 16, 2022, [R. 7], the Court denied *pro se* Plaintiff Daniel Cobble's Motion for Reconsideration [R. 4] of the Court's August 11, 2022, Order Denying Waiver of the Filing Fee. [R. 3]. In denying the Motion for Reconsideration, the Court ordered Plaintiff either to pay the $402.00 filing fee in full or to file a non-prisoner application to proceed *in forma pauperis* and warned him that failure to comply within 14 days would result in dismissal of the action for failure to prosecute. [R. 7]. Over 14 days have passed without Petitioner taking any further action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-

imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to comply with a straightforward Order of this Court, despite being warned that noncompliance would result in dismissal, the Court concludes that he has abandoned any interest in prosecuting this action.

Consequently, this action will be dismissed by separate Order.

This the 12th day of October, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff Daniel Cobble, *pro se*